# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | CASE NO. 1:21-cr-440 |
| ) | |
| PLAINTIFF, ) | JUDGE SARA LIOI |
| ) | |
| vs. ) | |
| ) | MEMORANDUM OPINION |
| AARON MICHAEL JAMES, ) | |
| ) | |
| DEFENDANT. ) | |

Before the Court is the motion filed by defendant Aaron Michael James ("defendant" or "James") for release on bond pending appeal. (Doc. No. 47.) Plaintiff United States of America (the "government") opposes release. (Doc. No. 51.) For the reasons that follow, the motion is DENIED.

## I. BACKGROUND

On March 18, 2021, a criminal complaint was filed charging James with possession with intent to distribute controlled substances, in violation of 21 U.S.C. § 841(a)(1). (Doc. No. 1.) The charges stemmed from James' involvement in a large-scale marijuana grow and distribution operation run out of facilities located in Michigan. It was believed that James participated in the cultivating activities of this illegal Michigan-based operation and also relied on this operation to supply the marijuana he trafficked in Ohio. On June 10, 2021, an indictment issued adding to the already charged § 841 crime, one count of conspiracy to possess with intent to distribute a controlled substance, in violation of 21 U.S.C. § 846. (Doc. No. 11.)

James moved to suppress the fruits of the November 20, 2020 search of a multi-unit residential structure in Cleveland Heights, Ohio where he and another member of the conspiracy resided. (Doc. No. 24 (Motion to Suppress).) On February 11, 2022, the Court held a hearing on the motion. (Minutes of Proceedings [non-document], 2/11/2022.) In its March 22, 2022 decision denying the motion in its entirety, the Court found that the affidavit in support of the search warrant was supported by probable cause and, in any event, the Court also ruled that *Leon's* good faith exception would provide an additional basis for upholding the search. (Doc. No. 31 (Memorandum Opinion).) Further, the Court denied James' request for a *Franks* hearing, noting that James was unable to make a "substantial preliminary showing" that any statement in the affidavit was "false" or knowingly and intentionally [made] . . . with reckless disregard for the truth." (*Id.*, at 23[1]) (quoting *Franks v. Delaware*, 438 U.S. 154, 155, 98 S. Ct. 2674, 57 L. Ed. 2d 667 (1978)).

A superseding indictment subsequently issued, charging James with one count of possession with intent to distribute marijuana, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(D). (Doc. No. 33.) On April 29, 2022, pursuant to the terms of a plea agreement, James entered a plea of guilty to the sole count in the superseding indictment. (Minutes of Proceedings [non-document], 4/29/2022; Doc. No. 35 (Plea Agreement).) The plea agreement specifically reserved James' right to appeal the Court's decision on his suppression motion. (Doc. No. 35, at 6–7.)

On August 9, 2022, the Court sentenced James to a term of imprisonment of 12 months and 1 day. (Doc. No. 42 (Judgment); Minutes of Proceedings [non-document], 8/9/2022.) James filed a notice of appeal on August 16, 2022. (Doc. No. 46.) The present motion for bond pending

---

[1] All page number references herein are to the consecutive page numbers applied to each individual document by the Court's electronic filing system.

appeal followed.

## II. LAW AND DISCUSSION

James' motion is governed by 18 U.S.C. § 3143(b), which provides that "the judicial officer shall order that the person who has been found guilty of an offense and sentenced to a term of imprisonment, and who has filed an appeal or a petition for a writ of certiorari, be detained, unless the judicial officer finds:

> (A) by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released under 3142(b) or (c) of this title; and
>
> (B) that the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in—
>
>> (i)   reversal,
>>
>> (ii)  an order for a new trial,
>>
>> (iii) a sentence that does not include a term of imprisonment, or
>>
>> (iv)  a reduced sentence to a term of imprisonment less than the total of time already served plus the expected duration of the appeal process."

18 U.S.C. § 3143(b).

From his motion, James appears to suggest that his appeal, which presumably will focus on the Court's denial of his motion to suppress, presents a "substantial question" under § 3143(b).[2] But the "mere identification of issues" does not satisfy the "substantial question" requirement of § 3143(b). *United States v. Terry*, No. 1:10-cr-390, 2011 WL 5008415, at *2 (N.D. Ohio Oct. 19,

---

[2] The Court uses the term "presumably" because James never actually explains the basis for his appeal. In fact, his motion is limited to a legal definition of the term "substantial question" that is devoid of any attempt to apply the term to the present case or the Court's rulings therein.

2011) (citing *United States v. Moore*, 849 F.2d 1474 (Table), 1988 WL 63191, at *1 (6th Cir. June 16, 1988)). Instead, "an appeal raises a substantial question when the appeal presents a 'close question or one that could go either way' and that the question is 'so integral to the merits of the conviction that it is more probable than not that reversal or a new trial will occur if the question is decided in the defendant's favor.'" *United States v. Pollard*, 778 F.2d 1177, 1182 (6th Cir. 1985) (quoting *United States v. Powell*, 761 F.2d 1227, 1233–34 (8th Cir. 1985)).

James does not explain why the appeal of the denial of his motion to suppress presents "a close question" or one that could "go either way." For this reason, alone, he has failed to meet his burden of demonstrating his entitlement to release pending appeal. *See United States v. Vance*, 851 F.2d 166, 168 (6th Cir. 1988) (The defendant bears the burden of proving the questions raised on appeal are substantial).

Even if James had attempted such an analysis, however, it would not have succeeded. During the hearing and in its resulting memorandum opinion, the Court exhaustively reviewed the contents the affidavit both as to the question of probable cause and for any evidence of a material misrepresentation. As to the former, the Court found that there was more than adequate information gleaned from confidential informants, surveillance, suspected drug transactions at the multi-unit structure, and prior searches and vehicle interdictions of other drug traffickers associated with the operation to support a nexus between drug trafficking and the multi-unit structure to be searched. (Doc. No. 31, at 13–15 (citing, among authority, *United States v. Reed*, 993 F.3d 441 (6th Cir. 2021).) Further, at the hearing, the Court permitted defense counsel to go through the affidavit—paragraph by paragraph—in an effort to identify and provide proof as to any false statements and material omissions. Counsel was unable to identify any potential factual

4

inaccuracies that even approached the level of a material misrepresentation entitling his client to a *Franks* hearing. (*Id.*, at 19.)

The Court's denial of James' suppression motion rested on settled federal precedents, and this well settled case law supported multiple bases for the Court's decision. Contrary to James' unsubstantiated belief, James has not established that the decision was a "close call," or that the Court's application of the facts to the governing case law could not have gone "either way." Although the Court permitted James extensive time to develop and argue his motion during the hearing, there was nothing difficult about the motion, and it did not present any novel issues of law. Because James has failed to satisfy the requirements for bond pending appeal, his motion fails.

### III. CONCLUSION

For the foregoing reasons, James' motion for bond pending appeal (Doc. No. 47) is DENIED.

**IT IS SO ORDERED**.

Dated: November 14, 2022

**HONORABLE SARA LIOI
UNITED STATES DISTRICT JUDGE**